IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARETH EVAN LOMAX,

           Plaintiff,           11cv0147
                                                        **ELECTRONICALLY**
   v.                                                     **FILED**

PNC BANK, N.A.,

           Defendant.

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 6)
AND PLAINTIFF'S MOTION FOR AN EMERGENCY INJUNCTION (Doc. No. 11)**

    A. *Defendant's Motion to Dismiss*

Presently before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Doc. No. 6. On February 14, 2011, *Pro Se* Plaintiff, Gareth Evan Lomax filed a Complaint against his former employer, PNC Bank and his supervisors, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.[1] Doc. Nos. 3 and 4. Plaintiff alleges that he was hired by PNC Bank in approximately August 1993, and beginning in March 1994, he was discriminated against based upon his disabilities and religion. Doc. No. 3. However, the substance of Plaintiff's allegations need not be addressed because his Complaint was not timely filed and therefore, is not properly before this Court.

Plaintiff does not dispute that on February 27, 1998, the Equal Employment Opportunity Commission ("EEOC") issued him a Dismissal and Notice of Rights to sue letter. Doc. No. 7-1. Said letter specifically states that "if you decide to sue, you must sue <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise your right to sue is lost." *Id.* (emphasis original). Plaintiff

---

[1] Plaintiff filed an Amended Complaint on March 25, 2011, in which he released all claims against all Defendants except PNC Bank. Doc. No. 4.

has the burden to rebut the presumption that the date of receipt was three days after its mailing by the EEOC. *See* Fed. R. Civ. Pro. 6(e); *Baldwin County Welcome Ctr. v. Brown*, 266 U.S. 147, 148 (1984); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). Plaintiff has not submitted any sworn or admissible evidence from which it could be reasonably conferred that he did not receive the letter until early 2011 and therefore, his Complaint, filed more than twelve years after his right to sue letter was received, was not timely filed. *Dicroce v. Norton*, 218 Fed. Appx. 171, 174 (3d Cir. 2007) (Plaintiff's unsupported assertion that his letter was misplaced in the mail for sixteen months was insufficient evidence to withstand summary judgment).[2]

Additionally, to the extent that Plaintiff is alleging that PNC Bank failed to compensate him for designing the debit/credit card system, such a claim is time barred by the three year statute of limitations under the Pennsylvania Wage and Collection Law, 43 P.S. § 260.9(a)(g) (2010), and the two-year statute of limitations under the Fair Labor Standards Act, 29 U.S.C. § 255(a). Therefore, Plaintiff's Complaint is time-barred and will be dismissed with prejudice because any amendment would be futile.

### B. Plaintiff's Motion for an Emergency Injunction

On May 10, 2011, Plaintiff filed a Motion for an Emergency Injunction requesting, among other things, that he be provided with counsel, forensic accounting of PNC Bank's assets, security and housing for himself and 32 members of his family, as well food, books, furniture, supplies, cars, and offices. Doc. No. 11.

---

[2] Equitable tolling also does not apply in this situation where there is no evidence that Plaintiff actively pursued his judicial remedies during the statutory period. *Dicroce*, 218 Fed. Appx. at 174.

In evaluating whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) that remedies available at law, such as monetary damages are inadequate to compensate for that injury; (3) that after considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that public interest would not be disserved by a permanent injunction. *EBay Inc v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999). A District Court should balance these factors to determine if an injunction should be issued. *Allegheny Energy, Inc.*, 171 F.3d at 158.

Here, as previously discussed, Plaintiff's Complaint is time-barred and therefore, there is no reasonable probability that he would be successful on the merits. The Court also finds that the remaining three factors weigh against granting an injunction. As such, Plaintiff's Motion for an Emergency Injunction (Doc. No. 11) will be denied.

*C. Order*

AND NOW, this 24th day of May 2011, IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion to Dismiss (Doc. No. 6) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

(2) Plaintiff's Motion for an Emergency Injunction is **DENIED**.

(3) The Clerk of Court shall mark this case **CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties
Gareth Evan Lomax, PRO SE PLAINTIFF
4060 Peachtree Road, D550
Atlanta, GA 30319
412-667-1001